IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES D. WIMBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:22-cv-00602 |
| | ) |
| STEWART COUNTY, et al., | ) JUDGE RICHARDSON |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is a pro se Complaint for violation of civil rights (Doc. No. 1) and motions for medical records (Doc. No. 4) and to amend (Doc. No. 5) filed by Plaintiff James Wimber ("Plaintiff" or "Wimber"), an inmate of the Montgomery County Jail. Plaintiff also filed an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2) and a motion related to that application. (Doc. No. 6.)

However, a prisoner may not file a civil action IFP in district court if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff is subject to this provision because, on at least three previous occasions while incarcerated, he has filed a civil action in federal court that was then dismissed on one of the aforementioned grounds. *See Wimber v. Jackson, et al.*, No. 3:18-cv-00415 (M.D. Tenn. 2018) (dismissing Wimber's § 1983 complaint for failure to state a claim); *Wimber v. Stewart Cnty., Tenn.*, No. 3:19-cv-00355 (M.D. Tenn. 2019) (same); *Wimber v. Stewart*

*Cnty. Det. Ctr.*, No. 3:19-cv-00572 (M.D. Tenn. 2019) (dismissed under 28 U.S.C. § 1915A,[1] as barred by issue preclusion); *see also Wimber, et al. v. Jackson, et al.*, No. 3:19-cv-00663 (M.D. Tenn. 2019) (dismissed under 28 U.S.C. § 1915A, as barred by *res judicata*).[2]

In light of these prior dismissals, Plaintiff is a "three-striker" who may proceed as a pauper only if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In the case at bar, Plaintiff claims damages from the trauma inflicted upon him by Stewart County officials both prior to and during his time in custody at the Stewart County Detention Center—which appears to have ended in October of 2020. (*See* Doc. No. 1 at 7; Doc. No. 5 at 1 (moving to amend "to add [his 2017] case," *Wimber v. Stewart Cnty.*, No. 3:17-cv-01244 (M.D. Tenn.), "to his new case . . . due to the fact that the [2017] case . . . was how all of Mr. Wimber's said injuries started and came from [Stewart County]".) Plaintiff's filings do not suggest that he was in any physical danger when his current Complaint was mailed from the Montgomery County Jail in August 2022, much less "imminent danger of serious physical injury" for purposes of Section 1915(g).

The Court therefore finds that Section 1915(g) precludes the granting of pauper status in this case. Plaintiff must prepay the full filing fee if this action is to proceed. His IFP application (Doc. No. 2) is **DENIED**.

---

[1] Section 1915A requires the dismissal of any prisoner complaint against a governmental entity or employee "if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b).

[2] In the final one of the four cases listed here, Chief Judge Crenshaw determined that Plaintiff was subject to the "three-strikes" law based on the dismissals of his three previous cases in this district, including the dismissal in Case No. 3:19-cv-00572 on grounds that Plaintiff was precluded from relitigating issues previously dismissed (in Case No. 3:19-cv-00355) for failure to state a claim. (Case No. 3:19-cv-00663, Doc. No. 9 at 3.) The outcomes in Case Nos. 3:19-cv-00572 and -00663, where Plaintiff's complaints were screened and dismissed under 28 U.S.C. § 1915A for attempting to relitigate previous "strikes," are themselves properly counted as strikes. *See Hopson v. Lioi*, No. 2:21-CV-2784, 2021 WL 2688546, at *1 (S.D. Ohio June 30, 2021), *report and recommendation adopted*, 2021 WL 5322473 (S.D. Ohio Nov. 16, 2021).

The Sixth Circuit Court of Appeals has made the following observation with respect to prisoners who fall within the scope of Section 1915(g):

> A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court staff. The requirement that the full fees be paid for these actions-whatever their merit or disposition-will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints-thus taking much valuable time away from other non-frivolous litigation-without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant.

*In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

Accordingly, Plaintiff **SHALL** remit the full $402 filing fee to the Clerk of Court within **30 DAYS** of the entry of this Order. Plaintiff is cautioned that, should he fail to comply with this Order within the time specified (or seek an extension of the deadline before it expires), the full amount of the filing fee will be assessed against him and collected from his inmate trust account, and this action will be dismissed for want of prosecution.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE